DA 13-0039

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 211N

IN THE MATTER OF:

A.S., A.S., C.S.,

    Youths in Need of Care.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause Nos. DN 11-037, -038, -039
Honorable Robert B Allison, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

    Julie Brown, Montana Legal Justice, PLLC; Missoula, Montana

    For Appellee:

    Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General; Helena, Montana

    Emily Von Jentzen, Assistant Attorney General, Child Protection Unit;
Kalispell, Montana

    Ed Corrigan, Flathead County Attorney, Kalispell, Montana

    For Children:

    Brianne Franklin, Bennett Law Firm, Kalispell, Montana

Submitted on Briefs:    June 26, 2013
Decided:    July 30, 2013

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant C.J.S. appeals the order of the Eleventh Judicial District Court, Flathead County, terminating his parental rights. We affirm.

¶3 C.J.S. (Father) is the birth father of A.S., A.S., and C.S. (collectively "the children"). The children were living with T.B. (Mother) when the Department of Public Health and Human Services (Department) received a report about the children in June 2011. The Department discovered that Mother was living with a registered sex offender, T.W. Mother allowed T.W. to watch the children unsupervised. The Department eventually removed the children from Mother. The Department filed a petition for emergency protective services, adjudication as youths in need of care, and temporary legal custody on August 18, 2011.

¶4 The District Court held a hearing in September 2011. At the time of the hearing Father did not have an appropriate residence where he safely could care for the children. The children needed supportive services for their mental health. Father failed to develop a plan to accommodate the children's needs. Mother and Father agreed to grant the Department temporary legal custody of the children for six months. The District Court approved a treatment plan for Father in November 2011 to improve his ability to take care of the children.

2

¶5	The Department placed the children at Watson's Children's Home in Missoula from October 2011 to August 2012. Father failed to complete his treatment plan while the children were at the home. Father failed to obtain appropriate housing where the children could live with him. Father also failed to contact the children regularly while they were at the home.

¶6	The court granted several six-month extensions of temporary legal custody to the Department. The Department eventually filed a petition for permanent legal custody and for termination of Father's parental rights. The District Court held a termination hearing in December 2012.

¶7	The District Court issued findings of fact, conclusions of law, and an order terminating Father's parental rights on December 28, 2012. The District Court determined that Father's inability to find appropriate housing and his failure to comply with the treatment plan established that Father's conduct and condition rendered him unfit and that he was unlikely to change within reasonable time pursuant § 41-3-609(1)(f), MCA. Father appeals.

¶8	Father argues on appeal that there was not sufficient evidence at the adjudicatory hearing as to show any causal relationship between his actions and the abuse or neglect of the children. Father argues that Mother's actions, not his, led the court to adjudicate the children as youths in need of care. Father further argues that the need for his completion of a treatment plan was inappropriate under the circumstances. In adjudicating the children youths in need of care, the District Court found that both parents had committed acts and

3

omissions that created a substantial risk of physical or psychological harm to the children; that neither parent had appropriate living conditions; and that neither parent had established readiness to deal with the children's special needs. The Court's findings of fact that both parents' acts and omissions had created a substantial risk of physical or psychological harm was supported by substantial evidence.

¶9 Father further argues that the Department failed to demonstrate by clear and convincing evidence that he had failed to comply with the treatment plan. After review of the record, we are not persuaded. We review for an abuse of discretion a district court's decision to terminate parental rights. *In re R.M.T.*, 2011 MT 164, ¶ 26, 361 Mont. 159, 256 P.3d 935. We will not disturb a district court's decision on appeal under these circumstances unless "there is a mistake of law or a finding of fact not supported by substantial evidence that will amount to clear abuse of discretion." *In re M.N.,* 2011 MT 245, ¶ 14, 362 Mont. 186, 261 P.3d 1047.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. It is manifest on the face of the briefs and the record before us that substantial evidence supports the District Court's findings of fact and that the District Court correctly applied the law to these facts.

¶11 Affirmed.

/S/ BRIAN MORRIS

4

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE